## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **THE EICHHOLZ LAW FIRM, P.C.,** | § | |
| **on behalf of itself and all others** | § | |
| **similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **COMPLAINT-CLASS ACTION** |
| | § | |
| **v.** | § | |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE,** | § | |
| **COMPANY,** | § | **FILE NO.** |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S CLASS ACTION COMPLAINT

COMES NOW Plaintiff THE EICHHOLZ LAW FIRM, P.C. ("Eichholz"),

on behalf of itself and all others similarly situated, by and through counsel, file

this Complaint against Defendant STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY ("State Farm") in support of this Original Class Action

Complaint, states as follows:

## I.    Introduction

1.    State Farm is a major insurer of vehicles in the State of Georgia. Plaintiff was insured by State Farm.  Plaintiff's vehicle was damaged, and Defendant paid for its vehicle to be repaired.

2.    Georgia law dictates that when a repaired vehicle suffers a loss in value, the insurance company must compensate the vehicle owner—its insured—for that loss.  Defendant failed to do so, in violation of Georgia law and in breach of its own automobile insurance contract.

3.    Plaintiff brings this action on behalf of itself and all others who submitted a first-party insurance claim to Defendant for vehicle property damage, but who were not offered payment or paid for the diminution in value resulting from that damage.  Diminution of value is a specified covered loss under Defendant's automobile insurance contract.

4.    A class action lawsuit was previously filed in 1999, alleging State Farm failed to compensate insureds for the diminished value of their vehicles in connection with their first-party physical damage claims.  State Farm denied that it was obligated to pay diminished value.  The trial court, after certifying a declaratory and injunctive class, rejected State Farm's position.  Specifically, the

court held that State Farm was obligated to assess diminished value according to an appropriate methodology.

5.    On November 28, 2001, the Supreme Court of Georgia upheld the trial court's decision, expressly holding that when a State Farm insured submits a covered claim for vehicle property damage that is not a "total loss," State Farm not only has to pay for the repair of the damaged vehicle, it is also "obligated to pay for diminution in value [of the damaged vehicle] when it occurs…… Recognition of diminution of value as an element of loss to be recovered on the same basis as other elements of loss merely reflects economic reality." *State Farm Mut. Auto Ins. Co. v. Mabry,* 274 Ga. 498, 508 (2001).

6.    The Supreme Court further ordered that State Farm be under a continuing legal duty to evaluate all first-party property damage claims for diminution in value and to pay their insureds for that diminution as part of the property damage settlement process. *Id.* As a result of *Mabry*, Defendant was required to follow that law as to the Plaintiff and every member of the Class proposed herein.

7.    Because Defendant knowingly and willfully failed to do so, in contravention of *Mabry* and in breach of its own insurance contract, Plaintiff and

the Class are entitled to damages to the fullest extent of the law, and to final

injunctive and declaratory judgment.

## II.    Parties

8.    Plaintiff is registered to do business in the State of Georgia, and

maintains its principal office in Chatham County, Georgia.

9.    Defendant State Farm is a foreign insurance company with its

principal place of business in Bloomington, Illinois.  It is licensed to transact

business in the State of Georgia, where it sells automobile insurance.

## III.    Jurisdiction

10.    This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1332(a) and (d), the Class Action Fairness Act, because the amount in

controversy for the proposed class exceeds $5,000,000, and Plaintiff and members

of the proposed Class are of diverse citizenship from Defendant.  Venue is proper

within this District under 28 U.S.C. § 1391 because Defendant is subject to

personal jurisdiction in this District and is therefore a resident of this District for

venue purposes.

**IV.    Factual Allegations**

11.    Prior to and on August 1, 2020, Plaintiff, having paid the premiums required thereunder, was insured by Defendant via an automobile policy. This contract was drafted by Defendant and is subject to, and adjudged by, Georgia law.

12.    On August 1, 2020, Plaintiff's automobile was damaged and in need of repair. Plaintiff had insurance coverage pursuant to the aforementioned automobile policy issued to him by Defendant. At the time of the damage, its vehicle had less than 100,000 miles on it.

13.    Plaintiff presented a first-party property damage claim to Defendant. Defendant accepted coverage for the claim; evaluated Plaintiff's property damage; determined that its vehicle was not a total loss, and paid for repairs.

14.    At no time did Defendant, or anyone on its behalf, inform Plaintiff of its right to receive payment for the diminution in value of its vehicle. Defendant did not pay, or offer to pay, Plaintiff for the diminution in value of its vehicle.

15.    As set forth above, Plaintiff's vehicle suffered a diminution in value because of the subject damage. Defendant knew or should have known of such diminution of value.

16.     Although Defendant evaluated, adjusted, and paid for the repairs to Plaintiff's vehicle, at no point during said process did Defendant offer to pay, or pay, Plaintiff for diminution in value (or "diminished value", "DV", or any similar term) for the loss of value to the vehicle.  Defendant handled all Class members' claims in this exact same manner.

17.     Pursuant to its insurance contract and common law, Defendant had an obligation to establish a methodology to evaluate diminution in value associated with first-party property damage claims; to collect, catalog, and maintain information needed to make diminution in value determinations; and to offer and pay diminution in value to its insureds.  Defendant failed to meet that obligation, transgressing *Mabry* and the terms of its own insurance contract.

18.     Plaintiff's vehicle suffered a diminution in value in an amount that can be specifically quantified, utilizing the common methodology developed and used by Defendant pursuant to *Mabry*.  The same is true as to each member of the Class.

19.     *Mabry* required Defendant to "develop an appropriate methodology for making such evaluations" of DV claims, and further held that the trial court properly required Defendant "to collect, catalog, and maintain information needed to make diminution in value evaluations ………" *Id.* at 510.  Thus, since *Mabry*,

Defendant has been under a direct legal duty to collect and maintain information about first-party claims necessary to evaluate diminution in value.

20.   As a result, Defendant presumably had, and continues to have, all the information necessary to identify Class members and apply a common methodology to pay them for the diminution in value of their vehicles.  Defendant has just brazenly chosen not to do so.

**V.   Class Action Allegations**

21.   Plaintiff seeks to bring this case as a class action under FED. R. CIV. P. 23, on behalf of itself and the following Class:  All individuals or legal entities who (a) were covered under a Georgia automobile insurance policy issued by Defendant, and (b) made a first-party claim for property damage to their covered vehicle, where:

> (i)   Defendant determined that the vehicle was not a total loss, and paid to have the vehicle repaired;
>
> (ii)   the total amount of repairs (including payments by Defendant, the insured or any other third party) exceeded $999.99;
>
> (iii)   the insured vehicle, at the time of the collision, had less than 100,000 miles on it; and
>
> (iv)   Defendant failed to offer or pay money for diminution in value.

22.    Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest; any of its parents, subsidiaries, affiliates, officers, directors, employees, and members of their immediate families; members of the federal judiciary in the Eleventh Circuit; and those with claims relating to non-owned (as that term is defined in Defendant's Georgia automobile policies) or temporary substitute vehicles.

23.    The members of the Class are so numerous that joinder of all of them is impracticable.  Members are widely dispersed throughout Georgia.  Plaintiff, on information and belief, understands that there are thousands of members of the proposed Class.  While the exact size of the proposed class is unknown to Plaintiff at this time, it can be obtained from Defendant's records.  FED. R. CIV. P. 23(a)(1).

24.    Per Local Rule 23.1(A)(2)(f), Plaintiff, on information and belief, assert CAFA jurisdiction in ¶ 10 based upon thousands of Class members being owed hundreds, and in many cases thousands, of dollars.  The alleged violations of law have been occurring since 2001.

25.    Defendant treated all similarly situated insureds the same way it treated Plaintiff, evaluating, adjusting, and paying repairs on first-party claims, but

failing to offer or pay diminution in value.  As a result, Class members suffered the same harm.  Class claims arise from the same practices, and are based on the same legal theories, as those of the Plaintiff.  As a result, Plaintiff's contentions are common to those of the Class, and capable of class-wide resolution.  Questions of law and/or fact common to all members of the Class include, *inter alia*:

    a.    Whether Defendant has violated the Georgia Supreme Court's holding in *Mabry* obligating it to offer and pay diminution in value to Class members;

    b.    Whether Defendant's failure to offer and pay diminution in value is a breach of its contract of insurance with Plaintiff and the Class members;

    c.    Whether as a result, Plaintiff and the Class are entitled to an award of compensatory damages; and

    d.    Whether Plaintiff and the Class are entitled to declaratory, injunctive, or other equitable relief, compelling Defendant to perform its contractual and legal obligations to offer and pay diminished value to similarly situated first-party insureds.

26.    These common questions will generate common answers apt to drive the resolution of the litigation.  In fact, when these common questions are resolved as to Plaintiff, they will be resolved as to all Class members.  FED. R. CIV. P. 23(a)(2).

27.    The claim of the Plaintiff is typical of the claims of the class. Plaintiff has a claim against Defendant for the unlawful conduct and practices described herein.  Plaintiff's claim has the same essential characteristics as the claims of the Class as a whole, arise from the same course of conduct, and are based upon identical legal and remedial theories.  FED. R. CIV. P. 23(a)(3).

28.    Plaintiff will fairly and adequately assert and protect the interests of the Class.  It has no conflict with Class members and seeks the same relief. Plaintiff has retained competent counsel, experienced in the prosecution and successful resolution of class actions.  FED. R. CIV. P. 23(a)(4).

29.    Furthermore, this suit is maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact herein predominate over any questions affecting only individual members.  Additionally, a class action is superior to all other methods available for the fair and efficient adjudication of this controversy.

30.    By prevailing on its own claims, Plaintiff will necessarily establish Defendant's liability on the claims of all members of the Class.  Furthermore, damages will be determined by using Defendant's common methodology for determining diminution in value.

31.    While the aggregate damages sustained by the Class are believed to

be in excess of $5 million dollars, the damages suffered by individual Class members may be small relative to the complexity of the litigation. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for every member of the Class to separately seek redress.

32.    Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. By contrast, a class action presents few if any management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court. Existing issues can be resolved by a single jury in a fair and efficient manner. FED. R. CIV. P. 23(b)(3).

33.    Class certification, therefore, is also warranted under FED. R. CIV. P. 23(b)(2). Because Defendant has acted, or refused to act, on grounds generally applicable to the Class, it is appropriate to grant final injunctive relief and corresponding declaratory relief to the Class as a whole.

34.     Finally, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant.  Further, adjudications with respect to individual Class members would be, as a practical matter, dispositive of the interests of other Class members who are not parties to the adjudication and may impair and impede their ability to protect their interests. FED. R. CIV. P. 23(b)(l).

## VI.    Causes of Action

### Count one: Breach of Contract

35.     Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as though they are fully set forth herein.

36.     Plaintiff and Class members each properly filed first-party automobile property damage claims with Defendant, which paid the cost of repairing those vehicles.  However, Defendant did not pay, or even offer to pay, for the diminution in value of those same vehicles.

37.     Plaintiff and Class members had no obligation to separately present or assert claims for diminution in value; rather, Defendant was obligated under its policies to determine and pay *all* elements of loss for each first-party claim, *including* diminution in value.

-12-

38.    Although Defendant evaluated, adjusted, and paid for the repairs to Plaintiff's and Class members' vehicles, at no point during this process did it notify Plaintiff, or any Class member, of their entitlement to payment for diminution in value.  Each time, Defendant failed to pay—or even offer to pay—diminution in value.

39.    Plaintiff and Class members, as defined herein, suffered diminution in value in amounts that can be specifically quantified, utilizing the common methodology developed and used by Defendant pursuant to *Mabry*.

40.    Defendant's failure to offer and pay for diminution in value constituted a breach of the insurance contract, as dictated by *Mabry.*  Additionally, Defendant breached the implied covenant of good faith and fair dealing inherent in its insurance contract.

41.    All conditions precedent have been performed or complied with, or have otherwise occurred.  In the alternative, any such condition precedent which has not been performed or complied with, or has not occurred, was waived by the acts or omissions of Defendant.

42.    Defendant's breach of contract has proximately caused compensatory damages to Plaintiff and each Class member in an amount equal to the unpaid

diminution in value of their automobiles, as quantified by Defendant's common methodology pursuant to *Mabry*.

### Count Two: Final Declaratory/Injunctive Relief

43.    Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as though they are fully set forth herein.

44.    Defendant is charged with knowledge of its contractual and common law obligations. Nevertheless, in processing first-party physical damage claims, it failed to inform or notify Plaintiff and Class members of their coverage for diminution in value, and failed to offer or pay for diminution in value. Defendant has failed to establish or follow a valid procedure for handling such claims, as required.

45.    Plaintiff has been harmed by Defendant's breach of contract, and its failure and refusal to offer or pay for diminution in value.

46.    Plaintiff seeks this relief on behalf of itself and the Class so that Defendant, in processing first-party physical damage claims of the type set forth herein, is required to (a) inform and notify similarly situated first-party insureds of their coverage and right to receive payment for diminution in value; and (b) establish and maintain a procedure to offer and pay diminution in value to

similarly situated first-party insureds, utilizing the common methodology developed and used by Defendant, as required pursuant to *Mabry*.

47.    Plaintiff and the Class are entitled to a declaratory judgment that the acts and omissions challenged herein violate Georgia law, including *Mabry* and the contractual obligations and duties of good faith and fair dealing owed by Defendant to its insureds.

## VII.  Estoppel and Tolling of Statute of Limitations

48.    Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as though they are fully set forth herein.

49.    Defendant is estopped from asserting any statute of limitations defense to the claims alleged herein by virtue of its acts and omissions, including failing to disclose material facts and suppressing its wrongful conduct.  Plaintiff's claim and injury and those of the Class were inherently undiscoverable.

## VIII.  Jury Demand

50.    Plaintiff and the Class request a jury trial.

## IX.  Prayer for Relief

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, requests:

judgment against Defendant State Farm as follows:

A.    For an Order pursuant to FED. R. CIV. P. 23 certifying this matter as a class action as described above, designating Plaintiff as Class Representative and its attorneys as Class Counsel, and directing the best notice practicable to the Class.

B.    For an award of compensatory damages in an amount to be proven at trial, together with such equitable relief and/or declaratory judgments as are appropriate and necessary to provide relief to all members of the Class.

C.    For pre- and post-judgment interest at the highest applicable legal rates.

D.    For costs and expenses incurred on behalf of Plaintiff and the Class, including reasonable attorneys' fees.

E.    For such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of July, 2024.

*/s/ David S. Eichholz*
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiffs*

-16-

**THE EICHHOLZ LAW FIRM, P. C.**
319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791
(912) 629-2560 (fax)
david@thejusticelawyer.com

*/s/ Brent J. Savage*
Brent J. Savage
Georgia Bar No. 627450
Matthew R. Bradley
Georgia Bar No. 835095
*Attorneys for Plaintiffs*

**SAVAGE TURNER PINCKNEY**
**SAVAGE & SPROUSE**
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140
lwickline@savagelawfirm.net
mbradley@savagelawfirm.net

.